Filed 5/14/13  P. v. North River Ins. Co. CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>THE NORTH RIVER INSURANCE COMPANY et al.,<br><br>        Defendants and Appellants. | F065542<br><br>(Super. Ct. No. F11905613)<br><br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Brant K. Bramer, Commissioner.

Harold Rubinfeld for Defendants and Appellants.

Kevin B. Briggs, County Counsel, and Evan A. Merat, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Wiseman, Acting P.J., Cornell, J. and Kane, J.

This is an appeal from summary judgment entered on a bail bond. Appellants The North River Insurance Company and Absolute Bonding Corporation contend the trial court abused its discretion in denying their motion to extend the statutory forfeiture period under Penal Code section 1305.4. (All further section references are to the Penal Code.) We affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

Criminal defendant Rafael Arturo Diaz failed to appear for a scheduled court appearance on December 13, 2011. The court forfeited his bail bond and issued a notice to appellants, who had provided the bond. Over the next several months, agents for appellants determined Diaz no longer lived at the address he had given them. Searches through various reporting services did not provide usable information. The agents contacted Diaz's "indemnitor" on the bail bond, Miguel Castillo Moreno, on several occasions. Each time, the indemnitor provided somewhat vague information and promised to try to locate Diaz. The agents followed through on leads provided by the indemnitor, but the information repeatedly proved inaccurate. In addition to providing information about Diaz's possible location in the Fresno area, the indemnitor stated in January 2012 that Diaz "may have returned to Mexico." In April 2012, the indemnitor told the agents Diaz's friend "thinks that the defendant has fled back to Mexico." The indemnitor promised to obtain Diaz's address in Mexico from the friend, but he never did so. On approximately May 27, 2012, an agent for appellants conducted further searches of electronic databases, including criminal arrest databases, but no further information on Diaz was found. On May 30, 2012, agents again visited the indemnitor. This time, he stated that Diaz had moved to Mexico in December 2011 and that indemnitor had thereafter gone with Diaz's friend to a Western Union office to transfer money to Diaz at an office in Tlalpan, Mexico, a small town near Mexico City. The indemnitor claimed Diaz had gone there to live with Diaz's mother.

On May 16, 2012, appellants filed a timely motion to extend the period for forfeiture of the bond by 180 days. At the hearing on this motion on June 7, 2012, after considering a supplemental declaration describing appellants' efforts to locate Diaz during the month of May 2012, the court denied the motion for extension. The court concluded appellants had not established a "reasonable likelihood of capturing the defendant."

## DISCUSSION

Section 1305, with exceptions not relevant in this case, requires the trial court to forfeit the bail of a defendant who fails to appear in court when lawfully required to do so. (*Id*., subd. (a).) The clerk of court must provide written notice of the forfeiture to the bail agent on any bond exceeding $400. (*Id*., subd. (b).) "If the defendant appears either voluntarily or in custody after surrender or arrest in court within 180 days" of the date of mailing of the notice of forfeiture, the court must vacate the forfeiture and, with some exceptions, exonerate the bond. (*Id*., subd. (c)(1).)

"Notwithstanding Section 1305," a surety or bail agent may "file a motion, based upon good cause, for an order extending the 180-day period provided in that section." (§ 1305.4.) "Good cause," although not defined in section 1305.4, has been described in case law as having two components, due diligence in attempting to locate and bring the defendant to court within the original 180-day period and "a reasonable likelihood of capture if given more time." (*County of Los Angeles v. Fairmont Specialty Group* (2008) 164 Cal.App.4th 1018, 1029.) The purpose of granting a section 1305.4 extension is to further the objective of establishing bail in the first instance, namely, to secure the attendance of the accused for court proceedings and his obedience to the orders and judgment of the court. (*People v. Accredited Surety & Casualty Co., Inc.* (2006) 137 Cal.App.4th 1349, 1358.) Denial of a section 1305.4 motion is not for the purpose of punishment of the surety nor simply to generate revenue for the state (137 Cal.App.4th at

3.

p. 1358), but no purpose is served by granting an extension to a surety whose attempts to locate and capture the defendant are unlikely to be successful during the extension.

Here, as the trial court found, appellants' efforts over the initial 180-day period focused almost exclusively on following leads from the indemnitor.[1] Those leads were shown by appellants' evidence to have been false and misleading, and intentionally so, since in May 2012 the indemnitor admitted he had sent money to Diaz in Mexico, inferentially at a time when the indemnitor was still telling appellants' agents that Diaz was working in the Fresno area. In any event, whether the indemnitor simply had poor information or whether he was affirmatively acting to impede Diaz's recapture, "new" information obtained from this unreliable source is the sole basis for appellants' claim that they likely will be able to recapture Diaz if granted an extension of time. In the absence of different sources of reliable information, and in the absence of any explanation why the indemnitor could be expected to provide reliable information in the future when he had not done so in the past, the trial court was entirely justified in its conclusion that appellants had not established a reasonable likelihood that they would recapture Diaz if granted an extension of time under section 1305.4. Appellants have not shown that the trial court's conclusion was an abuse of discretion. (*County of Los Angeles v. Fairmont Specialty Group, supra,* 164 Cal.App.4th at p. 1029.)

### DISPOSITION

The judgment is affirmed. Costs on appeal to respondent.

---

[1] While appellants did pursue database searches at the beginning and the end of the initial 180-day period, those searches were fruitless and appellants do not contend that they would produce a better result during any extension.

4.